**RAINES FELDMAN LITTRELL LLP**
1350 Avenue of the Americas, Fl. 22
New York, NY 10019
Tel: (917) 790-7100
Hamid R. Rafatjoo, Esq.
Carollynn H.G. Callari, Esq.
David S. Forsh, Esq.

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>S.M.F. GROUP INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3431726 | Chapter 11<br><br>Case No. 26-11893 |
| In re:<br><br>SMJ GROUP, L.L.C., a New York limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 13-3853319 | Chapter 11<br><br>Case No. 26-11894 |
| In re:<br><br>SMJ GROUP, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3431726 | Chapter 11<br><br>Case No. 26-11895 |

| | |
|---|---|
| In re:<br><br>THE FIREMAN GROUP CAFE CONCEPTS, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3835919 | Chapter 11<br><br>Case No. 26-11903 |
| In re:<br><br>BROOKLYN DINER USA, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3731194 | Chapter 11<br><br>Case No. 26-11896 |
| In re:<br><br>SFAP GROUP, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 81-1439152 | Chapter 11<br><br>Case No. 26-11897 |
| In re:<br><br>SHELNY, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3901859 | Chapter 11<br><br>Case No. 26-11898 |
| In re:<br><br>RED EYE GRILL, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3731191 | Chapter 11<br><br>Case No. 26-11899 |

| | |
|---|---|
| In re:<br><br>RED EYE GRILL, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799291 | Chapter 11<br><br>Case No. 26-11904 |
| In re:<br><br>RED EYE/BROOKLYN ASSOCIATES, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799293 | Chapter 11<br><br>Case No. 26-11900 |
| In re:<br><br>EBBETS FIELD VENTURE II, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 86-2942344 | Chapter 11<br><br>Case No. 26-11905 |
| In re:<br><br>57TH STREET HOSPITALITY PARTNERS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3902026 | Chapter 11<br><br>Case No. 26-11901 |
| In re:<br><br>FIREMAN HOSPITALITY CARD LLC, a Maryland limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 81-4694763 | Chapter 11<br><br>Case No. 26-11902 |

| | |
|---|---|
| In re:<br><br>FIORELLO'S ROMAN CAFE, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-2762519 | Chapter 11<br><br>Case No. 26-11906 |
| In re:<br><br>CIELI PARTNERS, L.P., a New York limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-344771 | Chapter 11<br><br>Case No. 26-11907 |
| In re:<br><br>BROADWAY HOSPITALITY VENTURE, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 47-4675541 | Chapter 11<br><br>Case No. 26-11908 |
| In re:<br><br>BRASSERIE 57 LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 93-4066251 | Chapter 11<br><br>Case No. 26-11909 |
| In re:<br><br>BROOKLYN DINER USA, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799292 | Chapter 11<br><br>Case No. 26-11910 |

| | |
|---|---|
| In re:<br><br>CAFE CONCEPTS (WASHINGTON DC), LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 99-0933827 | Chapter 11<br><br>Case No. 26-11911 |
| In re:<br><br>EBBETS FIELD VENTURE, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 83-3329637 | Chapter 11<br><br>Case No. 26-11912 |
| In re:<br><br>ITALIAN CAFE CONCEPTS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 92-1563784 | Chapter 11<br><br>Case No. 26-11913 |
| In re:<br><br>THE FINER DINER, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3901940 | Chapter 11<br><br>Case No. 26-11914 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

S.M.F. Group Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Bankruptcy Cases**") by and through their undersigned proposed counsel, hereby move for the entry of an order granting the relief described

below. In support of this motion (this "**Motion**"), the Debtors rely on the *Declaration of Jordan Meyers in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed concurrently herewith, and respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion, and pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) deeming certain disclosure requirements satisfied or otherwise waiving such requirements. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "**Court**") maintain one file and one docket for all of the Chapter 11 Cases under the case of *In re S.M.F. Group Inc.* and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| S.M.F. GROUP INC., *et al.*,[1] | Case No. 26-11893 |
| Debtors. | (Jointly Administered) |

[1] The Debtors and the last four digits of their federal tax identification numbers are: (1) S.M.F. Group Inc. (1726); (2) 57th Street Hospitality Partners, LLC (2026); (3) Brasserie 57 LLC (6251); (4) Broadway Hospitality Venture, LLC (5541); (5) Brooklyn Diner USA, Inc. (1194); (6) Brooklyn Diner USA, L.P. (9292); (7) Cafe Concepts (Washington DC), LLC (3827); (8) Cieli Partners, L.P. (7771); (9) Ebbets Field Venture, LLC (9637); (10) Ebbets Field Venture II, LLC (2344); (11) Fireman Hospitality Card LLC (4763); (12) Fiorello's Roman Cafe, Inc. (2519); (13) Italian Cafe Concepts, LLC (3784); (14) Red Eye/Brooklyn Associates, L.P. (9293); (15) Red Eye Grill, Inc. (1189); (16) Red Eye Grill, L.P. (9291); (17) SFAP Group, LLC (9152); (18) Shelny, LLC (1859); (19) SMJ Group, Inc. (1191); (20) SMJ Group, L.L.C. (3319); (21) The Finer Diner, LLC (1940); and (22) The Fireman Group Cafe

Concepts, Inc. (5919). The Debtors' mailing address is 810 Seventh Avenue, Suite 615, New York, NY 10019.

2. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of the Lead Debtor) to reflect the joint administration of the Chapter 11 Cases.

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of S.M.F. Group Inc.; 57th Street Hospitality Partners, LLC; Brasserie 57 LLC; Broadway Hospitality Venture, LLC; Brooklyn Diner USA, Inc.; Brooklyn Diner USA, L.P.; Cafe Concepts (Washington DC), LLC; Cieli Partners, L.P.; Ebbets Field Venture, LLC; Ebbets Field Venture II, LLC; Fireman Hospitality Card LLC; Fiorello's Roman Cafe, Inc.; Italian Cafe Concepts, LLC; Red Eye/Brooklyn Associates, L.P.; Red Eye Grill, Inc.; Red Eye Grill, L.P.; SFAP Group, LLC; Shelny, LLC; SMJ Group, Inc.; SMJ Group, L.L.C.; The Finer Diner, LLC; and The Fireman Group Cafe Concepts, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 26-11893.

3. In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. On August 9, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these Cases. The Debtors have filed a motion requesting joint administration of these Cases pursuant to Bankruptcy Rule 1015(b).

7. The Debtors operate a portfolio of iconic restaurants located in New York City's entertainment and cultural districts, steps from Carnegie Hall and Lincoln Center and in the heart of the Theater District, and in Washington, D.C. Their restaurants, including Café Fiorello, Trattoria Dell'Arte, Bond 45, and Brooklyn Diner, are among the City's longest-running and most recognizable dining destinations, having served generations of theatergoers, concertgoers, and visitors. Each restaurant offers a full-service dining experience defined by high-quality, freshly prepared cuisine ranging from classic Italian cooking and abundant antipasto displays to American grill fare and elevated renditions of diner classics served in spacious, art-filled marquee locations. The Debtors' restaurants are known for generous portions, attentive hospitality, and a commitment to making every meal an occasion, whether a pre-curtain dinner, a business lunch, or a family celebration. As of the date hereof, the Debtors operate nine restaurants and employ more than 800 individuals.

8. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Cases, is set forth in the First Day Declaration and is incorporated herein by reference.

## BASIS FOR RELIEF

9. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Each Debtor

is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of the Lead Debtor or one of its Debtor affiliates. Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007) (characterizing the bankruptcy court's power under section 105 of the Bankruptcy Code as "broad").

10. Given the provisions of the Bankruptcy Rules and the Debtors' affiliation with one another, joint administration of the Chapter 11 Cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. In addition, the Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the Chapter 11 Cases. The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") would be simplified.

11. The request for joint administration of interrelated chapter 11 cases is generally noncontroversial and routinely approved by this Court under similar circumstances. *See, e.g.*, *In re Spirit Aviation Holdings, Inc.*, No. 25-11897 (SHL) (Bankr. S.D.N.Y. Sept. 2, 2025) [ECF No. 35]; *In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y. May 29, 2025) [ECF No. 41]; *In re 271 West 11th St. LLC*, No. 25-10130 (DSJ) (Bankr. S.D.N.Y. Mar. 12, 2025) [ECF No. 17]; *In re*

*Glosslab LLC*, No. 24-12399 (MEW) (Bankr. S.D.N.Y. Dec. 31, 2024) [ECF No. 13]; *In re Spirit Airlines, Inc.*, No. 24-11988 (SHL) (Bankr. S.D.N.Y. Nov. 27, 2024) [ECF No. 121]; *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. July 25, 2024) [ECF No. 23]; *In re Weiss Multi-Strategy Advisers (LLC)*, No. 24-10743 (MG) (Bankr. S.D.N.Y. May 29, 2024) [ECF No. 51]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 4, 2024) [ECF No. 38]; *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 16, 2022) [ECF No. 51]; *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Sept. 10, 2021) [ECF No. 29]; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. July 29, 2021) [ECF No. 20]. The Debtors submit that the circumstances described herein warrant similar relief.

12. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

13. For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors' estates and stakeholders and, therefore, should be granted.

## NOTICE

14. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the United States Attorney's Office for the Southern District of New York; (c) the Attorneys General of the State of New York and of the District of Columbia; (d) counsel for the proposed DIP Lender; (e) the Debtors' prepetition lenders or funders, or their counsel; (f) the holders of the 50 largest unsecured claims against the Debtors on a consolidated basis; and (g) any other party entitled to notice under Rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York or that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 9, 2026
New York, New York

**RAINES FELDMAN LITTRELL LLP**

*/s/ David S. Forsh*
Hamid R. Rafatjoo, Esq.
Carollynn H.G. Callari, Esq.
David S. Forsh, Esq.
1350 Avenue of the Americas, Fl. 22
New York, NY 10019
Tel: (917) 790-7100
Email: hrafatjoo@raineslaw.com
ccallari@raineslaw.com
dforsh@raineslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>S.M.F. GROUP INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3431726 | Chapter 11<br><br>Case No. 26-11893 |
| In re:<br><br>SMJ GROUP, L.L.C., a New York limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 13-3853319 | Chapter 11<br><br>Case No. 26-11894 |
| In re:<br><br>SMJ GROUP, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3431726 | Chapter 11<br><br>Case No. 26-11895 |
| In re:<br><br>THE FIREMAN GROUP CAFE CONCEPTS, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3835919 | Chapter 11<br><br>Case No. 26-11903 |

| | |
|---|---|
| In re:<br><br>BROOKLYN DINER USA, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3731194 | Chapter 11<br><br>Case No. 26-11896 |
| In re:<br><br>SFAP GROUP, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 81-1439152 | Chapter 11<br><br>Case No. 26-11897 |
| In re:<br><br>SHELNY, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3901859 | Chapter 11<br><br>Case No. 26-11898 |
| In re:<br><br>RED EYE GRILL, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-3731191 | Chapter 11<br><br>Case No. 26-11899 |
| In re:<br><br>RED EYE GRILL, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799291 | Chapter 11<br><br>Case No. 26-11904 |

| | |
|---|---|
| In re:<br><br>RED EYE/BROOKLYN ASSOCIATES, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799293 | Chapter 11<br><br>Case No. 26-11900 |
| In re:<br><br>EBBETS FIELD VENTURE II, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 86-2942344 | Chapter 11<br><br>Case No. 26-11905 |
| In re:<br><br>57TH STREET HOSPITALITY PARTNERS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3902026 | Chapter 11<br><br>Case No. 26-11901 |
| In re:<br><br>FIREMAN HOSPITALITY CARD LLC, a Maryland limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 81-4694763 | Chapter 11<br><br>Case No. 26-11902 |
| In re:<br><br>FIORELLO'S ROMAN CAFE, INC., a New York corporation,<br><br>Debtor.<br><br>Tax I.D. No. 13-2762519 | Chapter 11<br><br>Case No. 26-11906 |

| | |
|---|---|
| In re:<br><br>CIELI PARTNERS, L.P., a New York limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-344771 | Chapter 11<br><br>Case No. 26-11907 |
| In re:<br><br>BROADWAY HOSPITALITY VENTURE, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 47-4675541 | Chapter 11<br><br>Case No. 26-11908 |
| In re:<br><br>BRASSERIE 57 LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 93-4066251 | Chapter 11<br><br>Case No. 26-11909 |
| In re:<br><br>BROOKLYN DINER USA, L.P., a Delaware limited partnership,<br><br>Debtor.<br><br>Tax I.D. No. 13-3799292 | Chapter 11<br><br>Case No. 26-11910 |
| In re:<br><br>CAFE CONCEPTS (WASHINGTON DC), LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 99-0933827 | Chapter 11<br><br>Case No. 26-11911 |

| | |
|---|---|
| In re:<br><br>EBBETS FIELD VENTURE, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 83-3329637 | Chapter 11<br><br>Case No. 26-11912 |
| In re:<br><br>ITALIAN CAFE CONCEPTS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 92-1563784 | Chapter 11<br><br>Case No. 26-11913 |
| In re:<br><br>THE FINER DINER, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax I.D. No. 20-3901940 | Chapter 11<br><br>Case No. 26-11914 |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of S.M.F. Group Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned cases, for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1007-2, (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) deeming certain disclosure requirements satisfied or otherwise waiving such requirements, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska,

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted and as set forth herein (this "**Order**").

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to S.M.F. Group Inc., No. 26-11893.

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| S.M.F. GROUP INC., *et al.*,[1] | Case No. 26-11893 |
| Debtors. | (Jointly Administered) |

[1] The Debtors and the last four digits of their federal tax identification numbers are: (1) S.M.F. Group Inc. (1726); (2) 57th Street Hospitality Partners, LLC (2026); (3) Brasserie 57 LLC (6251); (4) Broadway Hospitality Venture, LLC (5541); (5) Brooklyn Diner USA, Inc. (1194); (6) Brooklyn Diner USA, L.P. (9292); (7) Cafe Concepts (Washington DC), LLC (3827); (8) Cieli Partners, L.P. (7771); (9) Ebbets Field Venture, LLC (9637); (10) Ebbets Field Venture II, LLC (2344); (11) Fireman Hospitality Card LLC (4763); (12) Fiorello's Roman Cafe, Inc. (2519); (13) Italian Cafe Concepts, LLC (3784); (14) Red Eye/Brooklyn Associates, L.P. (9293); (15) Red Eye Grill, Inc. (1189); (16) Red Eye Grill, L.P. (9291); (17) SFAP Group, LLC (9152); (18) Shelny, LLC (1859); (19) SMJ Group, Inc. (1191); (20) SMJ Group, L.L.C. (3319); (21) The Finer Diner, LLC (1940); and (22) The Fireman Group Cafe Concepts, Inc. (5919). The Debtors' mailing address is 810 Seventh Avenue, Suite 615, New York, NY 10019.

4. A docket entry shall be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of S.M.F. Group Inc.) substantially as follows:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of S.M.F. Group Inc.; 57th Street Hospitality Partners, LLC; Brasserie 57 LLC; Broadway Hospitality Venture, LLC; Brooklyn Diner USA, Inc.; Brooklyn Diner USA, L.P.; Cafe Concepts (Washington DC), LLC; Cieli Partners, L.P.; Ebbets Field Venture, LLC; Ebbets Field Venture II, LLC; Fireman Hospitality Card LLC; Fiorello's Roman Cafe, Inc.; Italian Cafe Concepts, LLC; Red Eye/Brooklyn Associates, L.P.; Red Eye Grill, Inc.; Red Eye Grill, L.P.; SFAP Group, LLC; Shelny, LLC; SMJ Group, Inc.; SMJ Group, L.L.C.; The Finer Diner, LLC; and The Fireman Group Cafe Concepts, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 26-11893.

5. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates, which relief the Debtors reserve the right to request.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

7. The Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

8. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9. The Debtors and the Clerk of the Court are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

10. The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August __, 2026
New York, New York

____________________________________
UNITED STATES BANKRUPTCY JUDGE